IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SHERYL TREJO, individually and on behalf of similarly situated individuals** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **DSW Homes, LLC** | § § § | |
| **Defendant.** | § § | |

## ORIGINAL COMPLAINT

Plaintiff Sheryl Trejo, ("Plaintiff" or "Trejo"), individually and on behalf of all others similarly situated as individuals, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### SUMMARY

1. DSW Homes, LLC ("DSW") provides residential rehabilitation, reconstruction, replacement, and demolition and specialize in disaster relief, rehabilitation, and new home construction with a unique dedication to homeowners and clients. https://www.dswhomes.com/meet-dsw

2. Following natural disasters, DSW performs federally funded home repairs or reconstructions. www.dswhomes.com

3. For example, DSW performed home reconstruction and repairs for homeowners who suffered from damages from Hurricane Harvey. The repairs and reconstructions that DSW performed were paid for under the Texas General Land Office's Homeowner Assistance Program (HAP). ttps://www.dswhomes.com/meet-dsw

4. DSW employ Plaintiff and other employees as Project Managers for each home that they renovate or rebuild under a special grant program.

5. Although these Project Managers regularly work more than 40 hours in a workweek, Defendant do not pay them overtime.

6. Defendant's policy of paying these employees a salary with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

7. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

8. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conduct substantial business in this District, sending Plaintiff and Project Managers to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## PARTIES

10. Plaintiff, Sheryl Trejo, individually and on behalf of all others similarly situated as individuals was employed by Defendant as a salaried employee. Trejo is domiciled in Texas and performed work out of Defendant's Rockport, Texas location as a Project Manager.

11. Plaintiff Sheryl Trejo's written consent to this action is attached. (Exhibit "A").

12. Defendant DSW Homes, LLC is a limited liability company doing business in California, Florida, Louisiana, South Carolina, and Texas.[1]

13. Defendant may be served through its registered agent, James F. Schumer, 1650 E. Winding Way, Friendswood, TX 77546, or wherever they may be found.

14. Defendant paid each of the Project Managers a salary, with no overtime premium for hours worked in excess of forty (40) in a workweek.

15. Defendant's payroll practice and classification of these workers as overtime exempt violated the FLSA.

## FACTS

16. DSW Homes, LLC is a business that provides residential rehabilitation, reconstruction, replacement, and demolition.

17. DSW Homes, LLC primarily conducts business within California, Florida, Louisiana, South Carolina, and Texas.

18. Ms. Trejo and other Project Managers routinely use a desktop computer, pens, paper, internet, stapler, paper clips, copy machine, and other supplies in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

19. In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000.00.

20. Trejo worked for Defendant as a Project Manager.

---

[1] https://www.dswhomes.com/

21. Defendant paid Trejo and all Project Managers a salary and no overtime.

22. Defendant routinely scheduled Sheryl Trejo, and the other Project Managers to work fifty to sixty hours a week.

23. Despite working over 40 hours a week, Trejo and the FLSA Collective are not paid any overtime.

24. Over the past three (3) years, Defendant employed dozens of individuals – including Sheryl Trejo, – as Project Managers.

25. Defendant paid/pay the Project Managers a salary without overtime.

26. While the precise job duties of the project manager may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

27. In performing their jobs, the Project Managers follow prewritten and preset instructions and procedures.

28. All of Defendant's Project Managers no not exercise discretion on matters of importance.

29. All of Defendant's Project Managers are entitled to overtime pay.

30. None of Defendant's Project Managers received/receive overtime pay.

31. Defendant knows their Project Managers work more than forty (40) hours in a workweek. Defendant knows their project managers are not exempt from the overtime provisions of the FLSA.

32. Nonetheless, Defendant did not (and does not) pay its Project Managers overtime for hours worked in excess of forty (40) in a workweek.

33. Defendant misclassified Plaintiff and Project Managers as exempted employees.

34.     At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work.  Defendant approved Plaintiff's work and hours.  Plaintiff's work benefitted Defendant.

### COLLECTIVE/CLASS ACTION ALLEGATIONS

35.    Sheryl Trejo, bring this claim under Section 216(b) of the FLSA as a collective action.

36.    The same policy that caused Sheryl Trejo, to be denied their overtime pay caused Defendant's other Project Managers to be denied their overtime pay.

37.    While the precise job duties performed by the Project Managers might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

38.    Nor do any differences in job duties matter for determining whether Defendant's policy of not paying Project Managers overtime is legal.

39.    The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

40.    Because Defendant uniformly failed to pay overtime to all Project Managers, Plaintiff and the Project Managers are similarly situated within the meaning of 29 U.S.C. § 216(b).

41.    Upon information and belief, Defendant employed numerous Project Managers like Plaintiffs during the past three (3) years.

42.    Nearly all of the questions related to Plaintiffs and Project Managers can be answered on a collective basis.

43.    Defendant's practice of refusing to pay Project Managers overtime is based on established companywide policies.

44. The most important questions presented in this case can be resolved on a collective-wide basis.

45. Absent a collective action, many members of the Project Managers likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

46. Furthermore, individual litigation would be unduly burdensome to the judicial system.

47. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### COLLECTIVE DEFINITION

48. Plaintiffs brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All Project Managers employed by DSW Homes, LLC who, within the last three (3) years, worked over forty (40) hours in a workweek, and were not paid overtime.

### VIOLATION OF THE FLSA

49. Plaintiff incorporates the proceeding paragraphs by reference.

50. At all relevant times, Defendant have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendant employed Plaintiff and each member of the FLSA Collective.

55. Defendant's pay policy denied Plaintiff and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendant's failure to pay Plaintiff and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

57. Defendant's conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendant's FLSA violations, Plaintiff and the Project Managers are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

### RECORDKEEPING VIOLATION

59. Plaintiff incorporates the proceeding paragraphs by reference.

60. Upon information and belief, Defendant(s) did not maintain, for a period of at least two years, timecards detailing the start and stop times of Plaintiff and other Collective Members, as prescribed by 29 C.F.R. § 516.6.

61. Defendant have therefore violated the recordkeeping requirement of the FLSA. 29 U.S.C. § 211.

### PRAYER

**WHEREFORE**, Sheryl Trejo prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Project Managers to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendant DSW Homes, LLC, awarding Plaintiff and the other Project Managers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other Project Managers may show themselves to be justly entitled.

Respectfully submitted,

TRAN LAW FIRM

*/s/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**