UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHERYL TREJO, individually and on behalf of similarly situated individuals, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. A. No.: 3:22-cv-00267 |
| DSW HOMES, LLC | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants DSW Homes, LLC ("Defendant" or "DSW") files its Answer in response to Plaintiff Sheryl Trejo's ("Plaintiff") Original Complaint ("Complaint").

**SUMMAY**

1. Defendant admits Paragraph 1.

2. Defendant admits Paragraph 2.

3. Defendant admits Paragraph 3.

4. Defendant admits that it employs individuals with the job title "Project Manager" and denies the remainder of Paragraph 4.

5. Defendant denies Plaintiff is entitled to any overtime compensation and denies the remainder of Paragraph 5.

6. Paragraph 6 contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies Paragraph 6 and leaves Plaintiff to her proof.

7. Defendant denies the factual allegations in Paragraph 7, denies Collective Action is appropriate, and denies that Plaintiff is entitled to any of the relief requested in her Original Complaint, or to any relief whatsoever.

## JURISDICTION & VENUE

8. Defendant admits this Court has subject matter jurisdiction over Plaintiff's individual claims.

9. Defendant admits venue is proper on the United States District Court for the Southern District of Texas as to Plaintiff's individual claims. Defendant denies the remainder of the allegations in Paragraph 9.

## PARTIES

10. Defendant admits it employed Plaintiff as an exempt salaried employee. Defendant admits Plaintiff performed work as a Project Manager in Rockport, Texas. Defendant denies the remainder of the allegations in Paragraph 10.

11. Defendant admits that a "DSW HOMES LLC PLAINTIFF CONSENT FORM" document, purporting to bear Plaintiff's signature, is appended to Plaintiff's Original Complaint.

12. Defendant admits Paragraph 12.

13. Defendant has signed and returned a waiver of service.

14. Defendant admits that it properly classified Project Managers as exempt under the FLSA. Defendant denies the remainder of the allegations in Paragraph 14.

15. Defendant denies Paragraph 15.

## [ALLEGED] FACTS

16. Defendant admits Paragraph 16.

17. Defendant admits that it conducts business in California, Florida, Louisiana, South Carolina and Texas. Defendant denies the remainder of Paragraph 17.

18. Defendant admits Paragraph 18.

19. Defendant admits Paragraph 19.

20. Defendant admits Paragraph 20.

21. Defendant admits that it properly classified Plaintiff and Project Managers as exempt under the FLSA and paid them on a salary basis and did not pay them overtime but denies that Plaintiff and all Project Managers are similarly situated.

22. Defendant denies Paragraph 22.

23. Defendant denies Plaintiff is entitled to any overtime compensation and denies the remainder of Paragraph 23.

24. Defendant admits Paragraph 24 but denies that Plaintiff and other Project Managers are similarly situated.

25. Defendant admits it properly classified Project Managers as exempt employees. Defendant denies the remainder of Paragraph 25.

26. Defendant admits the precise job duties of Project Managers varies and, therefore, collective action is not appropriate. Defendant denies the remainder of Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies that Project Managers are entitled to overtime compensation and denies the remainder of Paragraph 30.

31. Defendant denies Paragraph 31.

32. Defendant denies that Project Managers are entitled to overtime compensation and denies the remainder of Paragraph 32.

33. Defendant denies Paragraph 33.

34. Defendant objects to Paragraph 34 as vague. Defendant is unable to admit or deny

Paragraph 34 because it does not know the number of hours Plaintiff alleges she worked. Defendant admits that it was generally aware of the number of hours required to perform Plaintiff's job duties as a project manager. The remainder of Paragraph 34 is denied.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

35. Defendant admits Plaintiff purports to bring her claims as a collective action but denies that collective action is appropriate.

36. Defendant denies that Project Managers are entitled to overtime compensation and denies the remainder of Paragraph 36.

37. Defendant admits the precise job duties of Project Managers varies and, therefore, collective action is not appropriate. Defendant denies the remainder of Paragraph 37.

38. Defendant admits the precise job duties of Project Managers varies and, therefore, collective action is not appropriate. Defendant denies the remainder of Paragraph 38.

39. Defendant denies Paragraph 39.

40. Defendant denies Paragraph 40.

41. Defendant admits that it employed Plaintiff and others as Project Managers. Defendant denies the remainder of Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

46. Defendant denies Paragraph 46.

47. Defendant denies Paragraph 47.

## COLLECTIVE DEFINITION

48. Defendant admits Plaintiff purports to bring her claims as a collective action but denies that collective action is appropriate and denies that Plaintiff's proposed class definition is proper.

## VIOLATION OF THE FLSA

49. Defendant incorporates its response to Paragraphs 1 through 48 as fully set forth herein.

50. Defendant admits Paragraph 50.

51. Plaintiff's Original Complaint skips from Paragraph 50 to Paragraph 54.

52. Plaintiff's Original Complaint skips from Paragraph 50 to Paragraph 54.

53. Plaintiff's Original Complaint skips from Paragraph 50 to Paragraph 54.

54. Defendant admits it employed Plaintiff. Defendant denies the remainder of Paragraph 54.

55. Defendant denies Paragraph 55.

56. Paragraph 56 contains a legal conclusion for which no answer is required. To the extent any answer is required, Defendant denies the allegations in Paragraph 56.

57. Defendant denies Paragraph 57.

58. Defendant denies Paragraph 58 and denies that Plaintiff is entitled to any relief.

## RECORDKEEPING VIOLATION

59. Defendant incorporates its response to Paragraphs 1 through 58 as fully set forth herein.

60. Paragraph 60 contains a legal conclusion for which no answer is required. To the extent any answer is required, Defendant denies the allegations in Paragraph 60.

61. Paragraph 61 contains a legal conclusion for which no answer is required. To the extent any answer is required, Defendant denies the allegations in Paragraph 61.

## PRAYER FOR RELIEF

Defendant denies all parts of Plaintiff's Prayer for relief. Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Defendant and is Plaintiff's burden to prove. Defendant expressly reserves the right to assert additional defenses.

1. Plaintiff and the putative class members were properly classified as executive, administrative, and/or professional employees and, therefore, are exempt from the overtime requirements of Fair Labor Standards Act.

2. Plaintiff and the putative class members are not entitled to the liquidated damages and attorneys' fees sought because at all times Defendant acted in good faith in the belief that it was not in violation of any of the provisions of the FLSA or any applicable law, in conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, investigations, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

3. Plaintiff and the putative class members are not entitled to a three-year limitations period because even if Plaintiff and/or the putative class members were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

4. The claims of Plaintiff and the putative class members are barred in whole or in part to the extent they seek to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA.

5. The claims of Plaintiff and the putative class members are barred in whole or in part because at all times Plaintiff and the putative class members were paid all compensation due and owing in accordance with applicable law.

6. Any claims for recovery of overtime compensation and/or liquidated damages are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

7. Any preliminary and/or postliminary time for which Plaintiff and the putative class members seek compensation is non-compensable and barred by the Portal to Portal Act, including 29 U.S.C. § 254.

8. Plaintiff and the putative class members are not entitled to compensation for time spent on activities that were not compensable work and that were not an integral and indispensable part of their principal job duties.

9. Plaintiff has failed to identify a proper putative collective class with particularity, and Plaintiff and the putative class members cannot satisfy the requirements necessary for this case to proceed as a collective action.

10. The putative class is overbroad and not similarly situated, and the potential claims of putative class members reflect significant variability—including with respect to the applicable overtime exemption.

11. The Seventh and Fourteenth Amendments to the U.S. Constitution prohibit a jury from determining Defendant's liability and damages, if any, to Plaintiff and the putative class members on a group or aggregate basis.

12. Without conceding Plaintiff (or any putative class members) can recover any damages because of any alleged wrongdoing by Defendant, Defendant pleads and invokes all applicable damages caps.

13. Plaintiff and putative class members may not pursue any claims in this action on behalf of anyone who has not consented to join this action.

14. Proceeding as a collective action in this case would not serve the purposes of judicial economy and efficiency.

15. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims should the need for such defenses arise and become known.

Respectfully submitted,

*/s/ Jim Staley*
Jim Staley
USDC SD/TX No. 23108
State Bar No. 24008071
jim.staley@ogletree.com
Ryan Swink
USDC SD/TX 3631019
State Bar No. 24107940
Ryan.swink@ogletree.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2022, the foregoing document was electronically transmitted to the Clerk of Court using the ECF system for electronic filing. The Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Trang Q. Tran
TRAN LAW FIRM
2537 S. Gessner Road, Suite 104
Houston, Texas 77063

**ATTORNEY FOR PLAINTIFF**

*/s/ Jim Staley*
Jim Staley